**Josephine CALCARA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ST. JOSEPH HOSPITAL and Franciscan Health Systems), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 1997.

Decided Feb. 25, 1998.

Jeffrey Alan Mills, Lancaster, for petitioner.

Marshall A. Haislup, III, Philadelphia, for respondents.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Josephine Calcara (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board), which reversed the decision and order of the Workers' Compensation Judge (WCJ), which had awarded Claimant $2,081.00 as reimbursement for medical expenses.

The record reveals the following facts. Claimant was employed by St. Joseph Hospital (Employer) as a billing clerk from August 12, 1985, to March 19, 1993. As part of her duties, Claimant was required to lift boxes of billing forms, which weighed up to thirty pounds, three to four times per week. In addition, Claimant was required to purge files once every six months. The purging process involved carrying boxes weighing up to fifty pounds up a flight of stairs and loading them onto a truck.

Prior to November 1992, Claimant had experienced temporary lower-back pain after purging files, and when she purged files that November she developed lingering lower-back problems. Although Claimant did not miss any work as a result of her back problems, from May 28, 1993, through April of 1994, Claimant received treatment from a chiropractor, Donald E. Deibler, D.C. Claimant paid cash for the treatments, incurring a total bill of $2,081.00.

On August 19, 1993, Claimant filed a claim petition seeking payment for the cost of her treatment from Dr. Deibler. Employer denied that Ms. Calcara's injury was work-related, and a hearing was held before the WCJ.

At the April 27, 1994 hearing before the WCJ, Claimant testified concerning her job responsibilities, the onset of her injury, as well as her treatment with Dr. Deibler. Following Claimant's testimony, counsel for the Claimant attempted to enter into evidence a report prepared by Dr. Deibler in which he stated that "to a reasonable degree of certainty [Claimant's] injuries were as a result of her lifting large boxes of files." (Report of Donald E. Deibler, D.C.; Reproduced Record (R.R.) at 64.) The following colloquy

took place between Claimant's counsel, Mr. Jeffrey Mills, Employer's counsel, Mr. John Pallante, and WCJ Richard T. Kelley:

> MR. MILLS: I would like to see if we can't do this by medical report. I would just like to submit a report from—I think we are just dealing with medical bills and I would just like to submit a report from the chiropractor, Dr. Deibler.
>
> . . . .
>
> JUDGE KELLEY: Is there a termination [of claimant's injury]? She said that she is fully recovered in her mind.
>
> MR. MILLS: As far as we are concerned there is a complete resolution of her work injury. We are just seeking payment of these medical bills.
>
> MR. PALLANTE: At this point, Your Honor, I am going to have to place just a limited objection if it is ongoing at this point. I know you are saying you are terminated, but was it [for] more than 26 weeks that you sought treatment?
>
> MR. MILLS: Yes.
>
> . . . .
>
> JUDGE KELLEY: If there is a termination under the case law you wouldn't be obligated to pay for any medical benefits anyway.
>
> MR. PALLANTE: I withdraw my objection.

(Notes of Testimony (N.T.), 4/27/94, at 22–23, R.R. at 23–24.)

Counsel for Employer made no further objections to the report, and the WCJ received the report into evidence. Based on the information in the report, the WCJ determined that Claimant had sustained her burden of proving the existence of a work-related injury and awarded her $2,081.00, the cost of her medical bills. (Conclusion of Law No. 2; R.R. at 70.)

Employer appealed to the Board, arguing that the Claimant's award was supported solely by uncorroborated hearsay evidence. The Board cited *Tynan v. Workmen's Compensation Appeal Board (Associated Cleaning)*, 162 Pa.Cmwlth. 393, 639 A.2d 856 (1994), and noted that uncorroborated hear-

say evidence, although admitted without objection, cannot support an award of benefits. (Decision of the Board at 2; R.R. at 76.) The Board concluded that Claimant submitted no other evidence which would corroborate Dr. Deibler's report and, therefore, failed to establish a causal connection between her injury and her position with Employer. Thus the Board reversed the WCJ's decision.

 On appeal,[1] Claimant argues that: (1) she sustained her burden of proof that she suffered a compensable injury with the unsworn statement of Dr. Deibler because the defendant affirmatively waived any objection to the submission and admissibility of the report; and (2) the report is corroborated by other evidence of record. The latter argument presents us with an issue of first impression, *i.e.*, whether *medical* evidence is necessary to corroborate a hearsay medical report. For the reasons that follow, we hold that when a claimant suffers an injury *that is not obvious*, hearsay medical evidence to which there is no objection must be corroborated by other competent medical evidence, and not simply by the testimony of the claimant or another untrained lay witness.

In *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976), this Court gave direction as to the use of hearsay to support findings. The Court stated:

> (1) Hearsay evidence, *properly objected to*, is not competent evidence to support [a finding]. . . . (2) Hearsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding . . . *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand.

*Id.* 367 A.2d at 370. (Emphasis in original.) The *Walker* principle, of course, has been adopted in other areas of administrative law as well as unemployment compensation. *See McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.)*, 167 Pa.Cmwlth. 402, 648 A.2d 348

---

1. This Court's review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error

of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

(1994), *petition for allowance of appeal denied,* 540 Pa. 608, 655 A.2d 995 (1995). In the present case, the record indicates that, although Employer's counsel did initially object to the introduction of Dr. Deibler's report, that objection was later withdrawn. (N.T., 4/27/94, at 23; R.R. at 24.) Thus, Claimant needed to corroborate Dr. Deibler's report with other *competent* evidence.

■ It is, of course, a well-settled principle that a claimant bears the burden of demonstrating a right to compensation and establishing all of the elements necessary to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Laura Reedy),* 535 Pa. 135, 634 A.2d 592 (1993). As part of this burden, a claimant must establish a causal connection between the disability and the work-related incident. *Id.* What is required to establish this causal connection is dependent upon whether or not the injury is obvious in nature. An obvious injury is one "which immediately manifests itself while Claimant is in the act of doing the kind of heavy work which can cause such an injury." *Davis v. Workmen's Compensation Appeal Board (United Parcel Service),* 92 Pa. Cmwlth. 294, 499 A.2d 703, 705 (1985). A classic example would be the laborer who grabs his back in pain after lifting his shovel full with wet concrete. In such a case, the causal connection is so clear that a lay person can see the connection. Under those circumstances, the claimant's testimony is sufficient to connect the injury to the claimant's employment, and additional medical testimony is not required. *Morgan v. Giant Markets,* 483 Pa. 421, 424, 397 A.2d 415, 416 (1979). Conversely, where there is no obvious causal connection between the disability and a work-related injury, unequivocal medical testimony is required to establish that causal connection. *Zander v. Workmen's Compensation Appeal Board (Warrington Equipment Co.),* 68 Pa.Cmwlth. 412, 449 A.2d 784, 786 (1982) (citing *Zoltak v. Keystone–Harmony Dairy,* 47 Pa.Cmwlth. 378, 408 A.2d 198 (1979)).

■ Accordingly, where the causal connection between the claimant's injury and employment is obvious, and, thus, is clear to a lay observer, unobjected to hearsay evidence relating to that causal connection must be corroborated by competent evidence, but not necessarily by unequivocal *medical* evidence.

■ However, where the causal connection between the claimant's injury and employment is *not* obvious, and can only be explained by an expert, unobjected to hearsay evidence relating to that causal connection must be corroborated by competent *medical* evidence.

■ Claimant's injury in the case before us now is of a gradual, degenerative character and occurred over a period of time. Claimant's injury was therefore not obvious in that it did not immediately manifest itself while she was performing her job. Consequently, because Claimant's injury was not obvious, Claimant needed to corroborate the out-of-court statement of Dr. Deibler with other competent medical evidence to adequately establish a causal connection between the injury and her employment. Either that or Dr. Deibler's deposition should have been taken.

In support of a reversal of the Board's decision, Claimant argues that Ms. Calcara's testimony should be sufficient to corroborate Dr. Deibler's report. We must disagree. Nothing in the record indicates that Ms. Calcara had the requisite knowledge or skill to provide competent medical testimony which would corroborate Dr. Deibler's report. Although the Workers' Compensation Act (Act)[2] provides for a relaxation of the rules of evidence, this relaxation cannot include permitting an untrained person to corroborate evidence relating to the causal relationship established by an expert in a particular field. Thus, we must agree with the Board's conclusion that the record is not sufficient to establish a causal connection between Ms. Calcara's injury and her work.

■ Next, Claimant argues that Employer violated an "agreement" to admit Dr. Deibler's report. As a result, Claimant argues,

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4. *See* Section 422(a) of the Act, 77 P.S. § 834.

Employer's counsel prevented Claimant from meeting her burden. This argument is similar to that made in *Tynan v. Workmen's Compensation Appeal Board (Associated Cleaning).* In *Tynan,* the claimant failed to appear for a hearing on the employer's termination petition. At the hearing, the employer introduced a report from its doctor who had examined Tynan. The report was entered into evidence, obviously without objection. However, the referee found portions of the report, specifically those dealing with the doctor's diagnosis and conclusion, incredible. Based on those facts, the referee denied the employer's petition. In reversing the decision of the Board that reversed the WCJ and granted the termination petition, this Court addressed an argument similar to the one made in the present case, noting that

> [a] litigant's burden of proof does not rise, nor is it lowered, by the quality of the litigant's adversary. This 'burden which it should not be forced to suffer' is the production of competent evidence to support its burden; here, the proffer of expert medical testimony, either live or by deposition. . . .

*Id.* 639 A.2d at 859. Similarly, in this case, the failure of employer's counsel to object to the hearsay evidence does not affect the Claimant's burden to present competent medical evidence. Both employers and claimants alike are required to offer such evidence that is adequate to meet their respective burdens of proof.

Accordingly, we affirm the order of the Board.

### ORDER

**NOW,** February 25, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

LEADBETTER, J., did not participate in the decision in this case.