**Joseph V. CATALDI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LANE COMPANY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 30, 1999.

Decided Sept. 8, 1999.

Albert E. Hart, Jr., Upper Darby, for petitioner.

Sarah E. Reese, Philadelphia, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Joseph Cataldi appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) suspending benefits for a closed period as a result of Cataldi's failure to appear for an independent medical examination (IME).[1] We reverse.

On July 16, 1981, Cataldi fell through the roof while in the course and scope of his employment. As a result of that fall, Cataldi suffered multiple injuries that required two major surgical procedures. The surgeries were a laminectomy, a fasciotomy at L–4, L–5 with the insertion of rods, and a total hip replacement. Over the years, Dr. Henry Wieder and Dr. Richard Bennett examined Mr. Cataldi at the request of USF & G. When Cataldi did not attend an IME, employer (the Lane Company) obtained an order from WCJ Mickey requiring Cataldi to do so. Pursuant to that order, an IME was scheduled with Dr. Bennett in December 1994, however, Mr. Cataldi failed to attend the IME. Eventually, the IME took place on April 18, 1995. Employer filed a suspension petition based on Cataldi's failure to attend the December 2, 1994 physical examination. Cataldi filed no answer to the Employer's petition.

At the hearing before WCJ Perry held October 31, 1995, over the objection of counsel, Employer offered affidavits and documents to support its claim that Cataldi failed to attend the IME. Cataldi offered no evidence on his own behalf, although he did appear at the hearing with counsel. WCJ Perry accepted the evidence and directed the parties to file briefs. The matter was then reassigned to WCJ Rosen, who based on the record created suspended benefits concluding that Cataldi had notice of the IME and failed to appear for the appointment. The period of suspension was dictated by the date on which the IME was scheduled until the date on which the IME took place. Cataldi appealed to the Board. The Board affirmed; Cataldi now appeals to this Court.

■ On appeal,[2] Cataldi contends that the decision of the WCJ is not supported by substantial evidence[3] since the only

---

1. Section 314(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651(a), requires an employee to submit to an IME at a reasonable time and place. If an employee refuses to submit to an IME,

 a workers' compensation judge may, upon petition ... order the employe to submit ... to such examination.... The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination or expert interview ordered by the workers' compensation judge, ... shall

 deprive [the employe] of the right to compensation, during the continuance of such refusal or neglect.

2. Our scope of review is limited to a determination of whether there was an error of law, whether any necessary findings of fact are supported by substantial evidence, or whether constitutional rights have been violated. 2 Pa.C.S. § 704.

3. Substantial evidence is such relevant evidence as a reasonable person might accept as

evidence of record is the objected to, uncorroborated hearsay evidence offered by Employer. *Calcara v. Workers' Compensation Appeal Board (St. Joseph Hospital),* 706 A.2d 1286 (Pa.Cmwlth.1998). We conclude that where employer seeks to temporarily suspend a claimant's medical benefits as a penalty for failure to appear for a scheduled IME, objected to hearsay evidence suggesting claimant was properly notified of the scheduled IME is not competent evidence to support a finding that claimant was in fact notified of a scheduled IME. *See Calcara; Walker v. Unemployment Compensation Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366, 367 (1976) ("[h]earsay evidence, *properly objected to,* is not competent evidence to support [a finding] ..."); *Tynan v. Workers' Compensation Appeal Board (Associated Cleaning Consultant and Services, Inc.),* 162 Pa.Cmwlth. 393, 639 A.2d 856, *petition for allowance of appeal denied,* 539 Pa. 699, 653 A.2d 1236 (1994).

 The notes of testimony in this matter consist of 16 pages and are from the October 31, 1995 hearing before WCJ Beach. The order of WCJ Mickey, at issue herein, directs Cataldi to submit to a physical examination with Dr. Bennett, and employer to schedule the examination within 60 days of October 26, 1994. At issue is whether Cataldi was notified that an IME had been scheduled. Employer contends Cataldi was properly notified and in support thereof directs the Court's attention to "D–2", Reproduced Record p. 41a. "D–2" is a letter addressed to Cataldi's counsel notifying counsel that an IME had been scheduled for Cataldi. That letter alone does not constitute the requisite substantial evidence to support a finding that claimant was notified of an IME.

 First, we observe that Cataldi was present at the October 31, 1995 hearing, thus, there was an opportunity to obtain direct testimony on this point. Second, Cataldi's counsel of record, Mr. Hart,

was present at the October 31, 1995, hearing; thus, there was an opportunity to place Mr. Hart under oath and have him testify as to whether he received the document marked "D–2". Third, the letter itself indicates that it was mailed "certified mail, return receipt requested". It has not escaped the Court's attention that the "return receipt" has not been made part of the record. Fourth, there is no direct testimony establishing that "D–2" was mailed, nor does the record contain a U.S. Postal Service Form 3817 certificate of mailing which would establish that "D–2" had been mailed and the date of mailing. In fact, there is no direct evidence establishing Cataldi was notified of the date, time, and place of the IME. It being employer's burden to establish notification to a claimant of a scheduled date, time and place for an IME, and there being no evidence of record to establish that notice was given to Cataldi, we conclude there is not substantial evidence to support the finding of the WCJ that claimant knew that he was to present himself to Dr. Bennett on December 2, 1995 for an IME. Thus, we conclude the Board erred in affirming the order of the WCJ.

Accordingly, the order of the Workers' Compensation Appeal Board is reversed.

### *O R D E R*

**AND NOW,** this 8th day of September, 1999, the order of the Workers' Compensation Appeal Board is **REVERSED.**

adequate to support a finding of fact. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992).