KENSINGTON MANUFACTURING
CO. and The PMA Group,
Petitioners,

v.

WORKERS' COMPENSATION
APPEAL BOARD (WALKER),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 2000.

Decided July 17, 2001.

Norman A. Coliane and Alexandar D. Malich, Wexford, for petitioners.

James J. Panchik, Kittanning, for respondent.

Before DOYLE, President Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

LEADBETTER, Judge.

Kensington Manufacturing Company (employer) and its workers' compensation insurance carrier, The PMA Group (PMA), appeal from an order of the Workers' Compensation Appeal Board (Board) which reversed the decision of a Workers' Compensation Judge (WCJ). The WCJ had dismissed a petition to review medical treatment filed by Mary Walker (claimant).

On February 19, 1990, claimant experienced lower back pain radiating down to her right leg while standing at her workstation during the course of her employment with employer. Pursuant to an agreement for compensation, claimant began receiving total disability benefits effective February 23, 1990. The agreement described claimant's injury as "lower back pain and right leg numbness." Thereafter, claimant's status varied between suspended, partial and total disability. As a result of her injury, however, claimant underwent an anterior discectomy and fusion at the L–4, L–5 level of the spine and total disability benefits were reinstated as of the date of the surgical procedure, June 8, 1992. Following surgery, claimant complained of bowel, bladder, intestine and stomach problems. Claimant underwent a second operative procedure on June 13, 1992, to address these complaints.

On July 17, 1997, claimant filed a review petition alleging that employer refused to pay medical expenses related to the February 19, 1990 injury. These expenses were incurred during 1994–98, and PMA disputed their causal connection to claimant's work injury. During the proceeding before the WCJ, claimant testified that following her back surgery, her stomach swelled and a subsequent surgical procedure was performed five days later. She also stated that following her second surgery, her "bodily functions shut down" and she had problems with her bowels, bladder and intestines. Finally, she noted that following her discharge from the hospital, she continued to have swelling of the stomach and bowel and bladder problems, for which she consulted her family doctor. Claimant submitted a packet of unpaid medical bills and a summary of them upon which her family doctor put a check mark beside the expenses he identified as related to the work injury. The bills at issue reflect charges for prescription drugs, doctor's office visits, x-rays and a hospitalization which were incurred during the period October 4, 1993 through March 25, 1998. The nature of the treatments and medications is not clear, particularly to a lay person. For example, included in the summary of expenses attached to Dr. Buck's statement is a charge from St. Francis Medical Center of $5593.80 for "illeus" stomach.

The WCJ found that the medical conditions at issue were not obviously related to claimant's work injury, nor do they normally follow such an injury. The WCJ dismissed claimant's petition, concluding that claimant had failed to meet her burden of showing that the disputed medical expenses were for the treatment of her work injury. Claimant appealed the deci-

sion of the WCJ to the Board, contending that the WCJ's conclusion regarding claimant's failure to meet her burden of proof was an error of law. The Board agreed and concluded that the WCJ erred in capriciously disregarding claimant's uncontradicted testimony. The Board found that claimant's uncontradicted testimony, along with the parties' stipulation and Dr. Buck's statement were sufficient to meet claimant's burden because medical testimony was not necessary to meet the "related thereto" requirement where the causal connection was obvious. The Board determined that claimant's "operative complications and corrective surgery that occurred five days after claimant's work-related surgery indicate that the corrective surgery and subsequent treatment was causally related to the work injury. This is an obvious causal connection and unequivocal medical testimony is not required." [Op., 5/31/2000, at p. 5].

■ On appeal to this court, employer argues that the Board erred in holding that there was an obvious causal connection between claimant's bowel, bladder, intestine and stomach problems and her acknowledged work-related back injury. Thus employer contends that unequivocal medical evidence was necessary to link the conditions. We agree. What is required to establish a causal connection between claimant's injuries and employment is dependent on whether or not the injury is obviously work related. In *Giant Eagle, Inc. v. Workers' Compensation Appeal Board*, 725 A.2d 873 (Pa.Cmwlth.1999), we determined that:

[a]n obvious work-related injury is one that immediately manifests itself while a claimant is in the act of performing work, the nature of which can cause the injury. A classic example would be the laborer who grabs his back in pain after lifting his shovel full of wet concrete. In such a case, the causal connection is so clear that a lay person can see the connection. Under such circumstances, the claimant's testimony is sufficient to connect the injury to the claimant's employment, and additional medical testimony is not required.

*Id.* at 876 (internal citations omitted). *Accord Calcara v. Workers' Compensation Appeal Bd. (St. Joseph Hosp.)*, 706 A.2d 1286, 1289 (Pa.Cmwlth.1998). We conclude that the causal connection between claimant's medical complaints and her back injury is not obvious. We do not believe that a lay person could see a clear connection between claimant's gastrointestinal difficulties and her work-related back injury. Moreover, while the Board focused on the relationship between the spinal surgery and the stomach swelling which led to corrective surgery five days later, the medical expenses disputed here occurred more than a year later. Therefore, medical testimony is required to connect claimant's gastrointestinal pain to her employment.

■ The only such evidence submitted was the chronological listing of her expenses upon which her family doctor put a check mark beside those he identified as related to the work injury. At the end was attached the statement, "I, Keith Buck, MD, have reviewed the foregoing, and the items checked in the last column are related to the work injury of Mary K. Walker, on or about February 19, 1990, to a reasonable degree of medical certainty." The WCJ rejected this evidence because it did not state "any reason or analysis which would relate the conditions which are at issue to the work injury. He did not relate medical expenses to any specific condition." [FF # 6]. It is not clear whether the WCJ simply found this evidence to be unpersuasive or rejected it as uncorroborated hearsay, but we would find

either basis to be appropriate. It is the WCJ's role as fact-finder to weigh the evidence and assess the credibility of witnesses. *Lehigh County Vo–Tech Sch. v. Workmen's Compensation Appeal Bd. (Wolfe)*, 539 Pa. 322, 330, 652 A.2d 797, 801 (1995). To reject an expert conclusion which is unaccompanied by any explanation of its factual basis or reasoning is not capricious.[1]

 Moreover, the statement was properly rejected as uncorroborated hearsay. During the hearing, the WCJ stated that he would accept medical reports as evidence since no weeks of compensation were in issue. Section 422(c) of the Worker's Compensation Act provides, *inter alia:*

> Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of disability, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical, or other matters therein stated and findings of fact may be based upon such certificates or such reports.

Act of June 2, 1915, P.L. 736, *added by* the Act of June 26, 1919, P.L. 642, *as amended*, 77 P.S. § 835. However, we agree with the WCJ that the bare statement that all checked items were work-related ,did not suffice as a report within the meaning of Section 422(c). Therefore, the "Walker Rule"[2] applies. As this court noted in *Calcara*, a workers' compensation case where the claimant submitted a hearsay medical report in support of her claim for expenses:

> Where the causal connection between claimant's injury and employment is obvious, and, thus, is clear to the lay observer, unobjected to hearsay evidence relating to that causal connection must be corroborated by competent evidence, but not necessarily by unequivocal medical evidence.
>
> However, where the causal connection between the claimant's injury and employment is not obvious, and can only be explained by an expert, unobjected to hearsay evidence relating to that causal connection must be corroborated by competent medical evidence.

706 A.2d at 1289. The *Calcara* court made clear that corroboration by the testimony of the claimant or another untrained lay witness is insufficient. *Id.* at 1288. Thus, the WCJ properly concluded that claimant failed to meet her burden of proving the work-relatedness of the medical bills at issue.

Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, this 17th day of July, 2001, the decision of the Workers' Compensation Appeal Board in the above-captioned matter is hereby REVERSED.

The decision in this case was reached before the expiration of the appointment of

---

1. Where only one party has presented evidence but the fact-finder has rejected it, our standard of review is to determine whether competent evidence has been capriciously disregarded. *Russell v. Workmen's Compensation Appeal Bd. (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364, 1365 (1988).

2. *Walker v. Unemployment Compensation Bd. of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976).

Senior Judge LEDERER to the Commonwealth Court by the Supreme Court of Pennsylvania.