# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reynaldo Hernandez, Sr., : 
                 Petitioner : 
                 : 
       v. : No. 257 C.D. 2023
                 : SUBMITTED: February 6, 2024
Four Seasons Produce, Inc. (Workers' : 
Compensation Appeal Board), : 
                 Respondent : 


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: March 5, 2024**

Claimant, Reynaldo Hernandez, Sr., petitions for review from the order of the Workers' Compensation Appeal Board (WCAB) affirming the decision and order of the Workers' Compensation Judge (WCJ), who denied Claimant's claim petition against Employer, Four Seasons Produce, Inc. We affirm.

The relevant facts as found by the WCJ are as follows. Claimant was a machine operator for Employer for 21 years, until February 23, 2021, when he was forced to retire because of back pain and radiating leg pain resulting from spinal stenosis. The presence of pain and Claimant's inability to do his former work are not disputed—Claimant eventually had to have lumbar nerve decompression surgery at the L4-5 level. What is at issue is the WCJ's determination that there was not a causal relationship between Claimant's spinal stenosis and his employment.

Claimant's condition did not suddenly manifest itself in an incident on February 23, 2021, when he stopped working.[1] Claimant denied any injuries or accidents on February 23, 2021. Rather, the WCJ, who found Claimant credible, found that Claimant's injury was a gradual process based on Claimant's own testimony. Claimant treated with a chiropractor for back pain as far back as 2019, and later with Orthopedic Associates of Lancaster.

Claimant presented the deposition testimony of Perry Argires, M.D., his treating neurosurgeon, who specializes in spinal surgeries, and Employer presented the deposition testimony of Dennis McHugh, D.O., an orthopedic surgeon who performed an independent medical examination of Claimant. Dr. Argires generally testified that Claimant's work aggravated his spinal stenosis. Dr. McHugh testified that the stenosis was a chronic, age-related degenerative process that was not the result of Claimant's job.

The WCJ found Dr. McHugh's testimony the more credible, determining that there was not an obvious causal connection between Claimant's condition and his strenuous work activities given the degenerative process that underlay his injury. The WCJ specifically found that Dr. Argires was less certain about the causal relationship between Claimant's work and his spinal stenosis. Consistent with his factual determinations, the WCJ denied the claim, concluding that Claimant failed to meet his burden of proving that his work activities with Employer caused or aggravated the spinal stenosis which disabled him from work, and for which surgery was recommended and ultimately performed. Claimant appealed to the WCAB, which affirmed. The instant appeal ensued.

---

[1] Claimant made a brief, later attempt at a lighter exertion job with Employer.

On appeal, Claimant argues that the WCAB erred in affirming the WCJ's denial of his claim because, he argues, (1) Claimant's testimony alone was sufficient to support a grant of the claim; and (2) Dr. Argires's testimony was unequivocal and supports a finding of causation.[2]

With respect to the first argument, that Claimant's testimony alone establishes that this was a work injury, we agree that what is required to establish a causal connection between employment and injury depends upon whether the injury is obvious in nature. *Calcara v. Workers' Comp. Appeal Bd. (St. Joseph Hosp.)*, 706 A.2d 1286, 1289 (Pa. Cmwlth. 1998). An obvious injury is one "which immediately manifests itself while [a] [c]laimant is in the act of doing the kind of heavy work which can cause such an injury." *Davis v. Workmen's Comp. Appeal Bd. (United Parcel Serv.)*, 499 A.2d 703, 705 (Pa. Cmwlth. 1985). "A classic example would be the laborer who grabs his back in pain after lifting his shovel full with wet concrete[;] [i]n such a case, the causal connection is so clear that a lay person can see the connection." *Calcara*, 706 A.2d at 1289. "Under those circumstances, the claimant's testimony is sufficient to connect the injury to the claimant's employment, and additional medical testimony is not required." *Id.* However, we have held that when no obvious causal connection exists and a "[c]laimant's injury

---

[2] Claimant's brief leaves something to be desired in terms of compliance with Pennsylvania Rules of Appellate Procedure 2116(a), Pa.R.A.P. 2116(a) ("the statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail"), and 2119(a), Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein . . . ."). Claimant's statement of the questions presented is as follows: "Whether the decision of the [WCAB] erred in affirming the [WCJ's] denial of the Claim Petition for Workers' Compensation benefits?" (Claimant Br. at 4), and the sole heading in the argument section is similarly worded. Thus, Claimant does not present the discrete issues involved or divide the argument into sections corresponding to the questions to be argued. Nevertheless, we exercise our discretion and address the arguments in Claimant's brief.

. . . is of a gradual, degenerative character and occurred over a period of time," medical evidence is required to prove causation. *Id.*

Here, Claimant's injury was not obvious in that it did not immediately manifest itself while he was performing his job; Claimant had experienced longstanding low back and leg pain before the date he was allegedly injured. In such a circumstance, medical testimony is required to establish causation.

With respect to the second argument, even assuming arguendo that Dr. Argires's testimony was unequivocal, to prove causation it must also be found to be credible. *Campbell v. Workers' Comp. Appeal Bd. (Pittsburgh Post-Gazette)*, 954 A.2d 726, 730 (Pa. Cmwlth. 2008). It is well established that the WCJ is the ultimate factfinder and is empowered to determine witness credibility and evidentiary weight. *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster),* 760 A.2d 72, 76 (Pa. Cmwlth. 2000). The WCJ is therefore free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Id.* Here, the WCJ found, as was his purview, that Dr. McHugh's opinion that Claimant's work did not cause his spinal stenosis was more credible than Dr. Argires's opinion that it did. We cannot disturb this finding on appeal.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Reynaldo Hernandez, Sr.,　　　　　　　:
　　　　　　　　　　Petitioner　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　:　　No. 257 C.D. 2023
　　　　　　　　　　　　　　　　:
Four Seasons Produce, Inc. (Workers'　:
Compensation Appeal Board),　　　:
　　　　　　　　　　Respondent　:


# O R D E R


AND NOW, this 5th day of March, 2024, the order of the Workers' Compensation Appeal Board is AFFIRMED.


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**BONNIE BRIGANCE LEADBETTER,**
　　　　　　　　　　　　　　　President Judge Emerita