### Lila GALAYDA, Petitioner,

v.

### WORKMEN'S COMPENSATION APPEAL BOARD (CORNING, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1996.

Decided Feb. 20, 1996.

---

Signe B. O'Brien, for Petitioner.

David M. McCloskey, for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Lila Galayda (Galayda) petitions for review of the January 17, 1995 decision of the Workmen's Compensation Appeal Board (Board), affirming a remand decision in which the workers' compensation judge (WCJ) dismissed Galayda's claim petition for failure to give her employer (Corning) timely notice of her injury as provided in Section 311 of the Workers' Compensation Act (Act).[1]

On December 12, 1989, Galayda filed a claim petition alleging a work-related aggravation of a pre-existing injury during the last week of July 1989. The petition states that Galayda notified Corning of the injury by certified letter on December 12, 1989. The WCJ (referee, at that time) granted the petition, finding that Galayda developed pain in her back, hip, leg, and left shoulder after lifting and pushing heavy vats during the last week of July 1989 and that prior to that incident Galayda had no such pains. The WCJ found that Galayda timely notified Corning of her injury in October 1989. Corning appealed on the notice issue, and the Board reversed.

The Board ruled that the WCJ's finding of timely notice was clearly erroneous. The Board noted that the parties agreed that Corning did not have notice until December 14, 1989, more than 120 days after the date of injury. The Board dismissed Galayda's contention that the notice period did not commence until Galayda's physician made her aware that the injury was work related. The Board noted that Galayda related the onset of pain to her strenuous work activities and therefore had reason to know the injury was work related. Galayda appealed to this

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.

Court, alleging that the Board usurped the fact-finding function of the WCJ.

In a decision dated October 1, 1993, we remanded to the referee for a determination of when Galayda knew or should have known that her injury was work related. That decision referenced our opinion in *Bolitch v. Workmen's Compensation Appeal Board (Volkswagon of America)*, 132 Pa.Cmwlth. 110, 572 A.2d 39, *petition for allowance of appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990), wherein we noted that an injured worker need know only the nature of the injury and its relationship to employment in order for the 120-day period to commence.

On remand, the WCJ found that based on the testimony of Galayda and her orthopedic physician, she knew or should have known that she sustained the injury during the last week of July 1989. (Finding of Fact No. 13.) The WCJ noted that Galayda admitted that she had no pain before the lifting incident and told her physician that the lifting re-injured her back. The WCJ concluded that Galayda knew she sustained some type of injury as of the last week of July 1989 and failed to give timely notice. The Board affirmed.

██ Our review on appeal is limited to determining violations of constitutional rights, errors of law, and whether the referee's findings are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Galayda raises a single issue on appeal: whether the WCJ's finding of untimely notice is supported by substantial evidence.

██ The claimant bears the burden of proving that the employer was given notice of injury. *Pennsylvania Mines Corporation/Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa.Cmwlth. 58, 646 A.2d 28 (1994). Whether a claimant gave notice in compliance with the

statutory 120-day notice requirement is a question of fact for the WCJ. *Kelly v. Workmen's Compensation Appeal Board (Pepsi Cola Bottling Co. of Philadelphia)*, 166 Pa. Cmwlth. 618, 647 A.2d 275, *petition for allowance of appeal denied*, 539 Pa. 693, 653 A.2d 1231 (1994). The 120-day notice period begins to run when the claimant knew or reasonably should have known the nature of the injury and its relationship to the employment. *USAir, Inc. v. Workmen's Compensation Appeal Board (Schwarz)*, 160 Pa. Cmwlth. 100, 634 A.2d 714 (1993).

██ Substantial evidence of record in this case supports the WCJ's finding of untimely notice, in particular the testimony of Galayda and her orthopedic physician, Dr. P. Nemani. When asked what caused her to stop working on August 3, 1989, Galayda recounted the incident during the last week of July when she was required to lift heavy vats when an automatic loader broke down. After lifting the vats, Galayda testified, she could barely walk and experienced extreme pain in her hip, lower back, and groin. Galayda did not report the injury to the plant dispensary, and she did not take sick leave. Dr. Nemani testified that when he first saw Galayda in October 1989, "[s]he ... stated she injured her left shoulder and lower back and right groin area while lifting at work in the beginning of August 1989." (Deposition Testimony at 11–12.) Galayda presented no evidence to establish that she notified Corning of her injury before December 14, 1989.

We agree that the denial of benefits in this case, solely on the basis of inadequate notice, produces a harsh result, but we cannot ignore the mandatory provisions of Section 311 of the Act.[2] Accordingly, we affirm the decision of the Board dismissing Galayda's petition.

### ORDER

AND NOW, this 20th day of February, 1996, the decision of the Workmen's Compen-

---

**2.** We note that in August 1995, the Board denied Galayda's request for a rehearing in which she argued that on remand the WCJ should have permitted her an opportunity to introduce additional evidence that timely notice was given. Consistent with that request, in her petition for review with this Court, Galayda requested relief

in the form of a remand for the taking of additional evidence. In our view, Galayda had the burden of proving timely notice from the outset and should have produced that evidence before the WCJ closed the record. Galayda does not allege that the evidence was unavailable at the time.

sation Appeal Board in the above-captioned matter is affirmed.