**KOCHER'S IGA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DIET-RICH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 1998.

Decided April 14, 1999.

Reconsideration Denied June 3, 1999.

Michael J. Crocenzi, Harrisburg, for petitioner.

No appearance entered for respondent.

Before DOYLE, J., KELLEY, J., and RODGERS, Senior Judge.

KELLEY, Judge.

Kocher's IGA (employer) appeals from an order of the Workers' Compensation Appeal Board (board) which affirmed the decision of a workers' compensation judge (WCJ) granting Rachel Dietrich's (claimant) claim petition. We affirm.

On June 20, 1995, Claimant filed a claim petition alleging that on August 15, 1994 she injured her left shoulder and also suffered bi-lateral carpal tunnel and left ulnar nerve entrapments in the course and scope of her employment as a deli manager with employer. Employer filed a timely and responsive answer to the petition denying the material allegations contained therein. Hearings before a WCJ then ensued.

In support of her claim petition, claimant testified and presented the testimony of her physician, Dr. Robert Maurer, M.D., and Carolyn Leeper, second assistant to the store manager for employer. Employer presented the testimony of Gerald Reese, the store manager. The WCJ found the testimony of claimant, Ms. Leeper and Dr. Maurer to be credible. Based upon the testimony and evidence presented, the WCJ made the following pertinent findings.

In mid 1994, claimant began noticing a weakness in her left arm. Claimant's arm would get fatigued when slicing food, but continued working. On August 15, 1994, claimant had been lifting boxes, handling turkeys and slicing food and experienced terrible pain in her left wrist, across her neck to the left shoulder area, and in the left-hand area. Claimant went to her family doctor. She advised employer that she was to be off a week to see if her problems would calm down. Claimant returned to work, but her problems grew worse. Claimant was advised by her doctor not to return to work and ceased working August 29, 1994. In August 1994, claimant advised Mr. Reese that she could not work, that she was having problems and that she and her doctor were not sure if her problems were work related.

In the fall of 1994, claimant spoke with Ms. Leeper about her injury. Ms. Leeper was responsible for filing workers' compensation forms for employer. Claimant told Ms. Leeper that her injury could be work related, even though she was not sure. Ms. Leeper advised claimant to file for workers' compensation to protect both claimant and employer, but claimant did not. Ms. Leeper also told Mr. Reese that she felt workers' compensation forms should be filed for claimant, but was advised not to.

In January 1995, claimant was referred to Dr. Violago for an EMG. Dr. Violago suggested to claimant that her injury may be work-related and referred claimant to Dr. Maurer. Dr. Maurer examined claimant February 7, 1995. Dr. Maurer diagnosed claimant and advised claimant that her injuries were caused by repetitive lifting at work on August 15, 1994. Once claimant was informed by her doctor that her problems were work-related she notified employer.

On the basis of these findings, the WCJ concluded that on August 15, 1994, claimant suffered an injury to her left arm and shoulder while in the course and scope of her employment. This injury resulted in disability as of August 29, 1994. The WCJ concluded that claimant established that she gave notice to the employer around the time of the injury, in ordinary language, as required by the Workers' Compensation

Act (Act)[1] and that employer knew or should have known of the injury both from claimant's reporting of the injury and from Ms. Leeper's knowledge of claimant's complaints of arm problems while working. The WCJ granted claimant's claim petition. Employer appealed the WCJ's decision to the board.

The board accepted the WCJ's findings, but rejected the WCJ's legal conclusion that claimant gave notice to employer around the time of the injury. Instead, the board concluded that claimant gave timely notice when she knew her injury was work-related. Employer now appeals to this court.[2]

On appeal, employer raises the issue of whether the Board erred in concluding that claimant provided timely and adequate notice of her work injury to her employer as required under Section 311 of the Act, 77 P.S. § 631.

Section 311 of the Act provides that a claimant must provide notice to the employer of the occurrence of an injury within 120 days of that injury. Such notice must inform the employer that the employee received an injury, in the course of his employment, on or about a specified time, at or near a place specified. Section 312 of the Act, 77 P.S. § 632. A claimant's failure to provide such notice to the employer within 120 days of the injury generally operates as a bar to compensation unless a claimant can show that the employer has actual knowledge of the occurrence of the injury. Section 311 of the Act. However, in cases where the cause of the injury or its relationship to the employment is not known to the employee, Section 311 of the Act contains a discovery provision which provides that the time for giving notice shall not begin to run until the employee knows, or by the exercise of

reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. *Id.* The purpose of this section is to protect the employer from stale claims for injuries, of which it would have no knowledge, made after the opportunity for a full and complete investigation had passed. *Sun Oil Co. v. Workers' Compensation Appeal Board (Ford)*, 156 Pa.Cmwlth. 31, 626 A.2d 1251 (1993), *petition for allowance of appeal denied*, 537 Pa. 636, 642 A.2d 489 (1994).

The claimant has the burden of establishing that the employer was given notice of the injury. *Pennsylvania Mines Corporation/Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa.Cmwlth. 58, 646 A.2d 28 (1994). Whether a claimant has complied with the notice requirements of the Act is a question of fact for the WCJ. *Id.*

The WCJ, as fact finder, has exclusive province over questions of credibility and evidentiary weight, and the WCJ's findings will not be disturbed when they are supported by substantial, competent evidence. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Cmwlth. 164, 578 A.2d 83 (1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988). The WCJ is free to accept or reject the testimony of any witness in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 – 1041.4; 2501—2626.

2. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has

been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

It is not the function of this court to reweigh evidence and to substitute its judgment for that of the WCJ. *Vitelli v. Workmen's Compensation Appeal Board (St. Johnsbury Trucking Co.)*, 157 Pa. Cmwlth. 589, 630 A.2d 923 (1993), *petition for allowance of appeal denied*, 537 Pa. 627, 641 A.2d 591 (1994). Rather, the function of the board and this Court is to determine, upon consideration of the evidence as a whole, whether the WCJ's findings have the requisite measure of support in the record. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

Relying on *Galayda v. Workers' Compensation Appeal Board (Corning, Inc.)*, 671 A.2d 1190 (Pa.Cmwlth.1996), and *Bolitch v. Workmen's Compensation Appeal Board (Volkswagon of America)*, 132 Pa. Cmwlth. 110, 572 A.2d 39, *petition for allowance of appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990), employer contends that the board erroneously applied the discovery provision of Section 311 of the Act.

In *Bolitch*, the WCJ found that the claimant sustained an injury to her back causing pain into her right leg on May 1, 1986, while working on an automobile assembly line for employer, which injury claimant knew of at that time and that it was work related. The WCJ further found she first reported the injury to employer on September 11, 1986, which was more than 120 days after her injury. Based upon these findings of fact, the WCJ concluded that claimant failed to give notice of her injury to employer within 120 days of her injury as required by Section 311 of the Act and denied claimant's petition. The WCJ's determination was affirmed by the board.

On appeal to this Court, claimant challenged the WCJ's finding that, as of May 1, 1986, claimant knew that her injury was work related. Claimant argued that she did not know of the relationship between her employment and her injury until September of 1986, when she was diagnosed by her physician. We held that it was not necessary for an injured worker to know the precise medical diagnosis of the injury to know that the injury was work-related. Rather, an injured worker need only know the nature of the injury and its relationship to employment in order for the 120-day period of Section 311 to commence. We determined that it was within the WCJ's power to conclude, based upon the evidence presented, that the claimant knew or should have known of the relationship between her injury and her employment on May 1, 1986 and affirmed.

In *Galayda*, the claimant claimed that she developed pain in her back, hip, leg and left shoulder after lifting and pushing heavy vats during the last weeks of July 1989. The WCJ found that claimant timely notified employer of her injury in October 1989. Employer appealed on the notice issue.

Before the board, the claimant conceded that notice was not given to her employer until December 1989, but argued that the time for giving notice did not commence until October 1989, when claimant's physician made her aware that the injury was work related. In reversing, the board dismissed claimant's contention that the notice period did not commence until claimant's physician made her aware that the injury was work related. The board noted that claimant related the onset of pain to her strenuous work activities and therefore had reason to know the injury was work related.

The claimant appealed to this Court, alleging that the board usurped the fact-finding function of the WCJ. We remanded the case to the WCJ for a finding of when the claimant knew or should have known that her injury was work related. On remand, the WCJ found, based upon the testimony of claimant and her physician, that she knew or should have known that she sustained the injury during the last week of July 1989 and thus failed to give timely notice to employer. Upon determining that substantial evidence of record

existed to support the WCJ's finding of untimely notice, the board and this Court affirmed.

Based upon *Bolitch* and *Galayda,* we agree that the board erred in basing its affirmance of the WCJ's decision on the discovery provision of Section 311 of the Act. Nevertheless, substantial evidence does exist in the record to support the WCJ's finding that timely notice was in fact given.

Claimant testified that on August 15, 1994, while at work, she experienced a terrible pain in her left wrist. R. 59a–60a. She went to her physician that day and returned to work wearing a cervical collar. R. 60a. She talked to Mr. Reese and advised him that she was having problems. R. 61a, 116a. Mr. Reese asked claimant if her injury was work-related, to which she responded that she was not sure. R. 61a, 116a. Claimant was to be off a week, but returned for a catering job. Claimant's problem grew worse and she was advised by her physician to stop working. R. 61a–62a. Claimant advised Mr. Reese that she would be unable to continue working due to her injury. R. 62a.

Ms. Leeper testified that claimant had complained of problems with her left arm while working. R. 97a. She further testified that she was aware of claimant's problems around the time of August 15, 1994 injury. R. 96a. Ms. Leeper testified that she had a conversation with claimant in the fall of 1994 concerning claimant's problems. R. 97a. Although claimant conveyed to Ms. Leeper that she was not sure if her problems were work-related, claimant did state that it could have been caused by lifting at work. R. 99a. Ms. Leeper advised claimant to fill out a workers' compensation claim. R. 90a, 98a. Ms. Leeper also discussed filing papers on behalf of claimant with Mr. Reese and was told not to. R. 91a, 100a.

■ On the basis of this testimony, which the WCJ found credible, the WCJ found that although claimant was not sure

if her injury was work-related, she nevertheless notified employer of the injury and the possibility that it was work-related around the time of the injury. The WCJ further found that employer knew or should have known of the injury both from claimant's reporting of the injury and from Ms. Leeper's knowledge of claimant's complaints of arm problems while working. These findings support the conclusion that claimant sustained her burden of establishing that she provided employer with notice, in normal language, around the time of her injury. On this basis, we conclude that the board properly affirmed the WCJ's decision.

For the reasons stated above, the order of the board affirming the decision of the WCJ to grant benefits is affirmed.

*ORDER*

AND NOW, this 14th day of April, 1999, the order of the Workers' Compensation Appeal Board, dated June 12, 1987, at No. A96–3370, is affirmed.