# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Magro,                                    :
                                                  :
            Petitioner                            :
                                                  :
      v.                                          :    No. 1681 C.D. 2017
                                                  :    Submitted: March 9, 2018
Workers' Compensation Appeal                      :
Board (Polar LLC),                                :
                                                  :
            Respondent                            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS                                    FILED:  May 2, 2018


            Barbara Magro (Claimant) petitions for review of an order of the

Workers' Compensation Appeal Board (Board) that affirmed the decision and order

of a Workers' Compensation Judge (WCJ) denying her claim petition on the ground

that she failed to give timely notice of her work injuries.  For the reasons set forth

below, we affirm.

            Claimant worked for Polar LLC (Employer) gluing and trimming

leather goods at Employer's custom leather goods manufacturing plant from 1993

to April 2015.  (WCJ Decision Findings of Fact (F.F.) ¶¶1a, 3a-3c, 5-6.)  Between

2011 and April 2015, Claimant had periods of absence from work ranging from 2

months to 15 months.  (Employer Ex. 2, Karasik Dep. at 13, 27-28, 32-36 & Karasik

Dep. Ex. 1 at 7-8, Reproduced Record (R.R.) at 70a, 73a-76a, 93a-94a; WCJ Decision F.F. ¶¶3c, 6.)  Claimant called in regularly during these absences, telling Employer that she could not work because of stomach problems.  (WCJ Decision F.F. ¶¶3c, 6; Employer Ex. 2, Karasik Dep. at 13, 27-29, 34-36, R.R. at 70a, 73a-76a.)  When Claimant returned to work in November 2013 after being absent for a year and three months, she told Mr. Karasik, who was her supervisor and Employer's owner, that she had a hernia and that she could not lift heavy objects.  (Employer Ex. 2, Karasik Dep. at 15-16, 18-19, 39-40, R.R. at 70a-71a, 76a-77a; WCJ Decision F.F. ¶¶3c, 3e, 6.)  Mr. Karasik accommodated this limitation by providing Claimant a lighter weight to set on the stacks of glued product and by lifting weights and other heavy objects for her.  (WCJ Decision F.F. ¶¶3c, 3e, 6; Employer Ex. 2, Karasik Dep. at 16, 24-25, 41-43, R.R. at 71a, 73a, 77a.)  Claimant stopped working for Employer on April 24, 2015, and did not return.  (WCJ Decision F.F. ¶¶1g, 5; Claimant Ex. 1, Claimant Dep. at 27, R.R. at 27; Hearing Transcript (H.T.) at 9, R.R. at 104a.)

On October 19, 2015, Claimant filed a claim petition seeking disability benefits under the Workers' Compensation Act (the Act),[1] asserting that she suffered from a "left ventrial [*sic*] hernia, cervical radiculopathy, lumbar radiculopathy, bilateral carpal tunnel syndrome, [and] trigger finger of the right index, ring, and middle fingers" caused by repetitive trauma in her performance of her regular job duties for Employer.  (WCJ Decision at 3; Certified Record Item (R. Item) 2, Claim Petition ¶¶3, 14.)  The WCJ held an evidentiary hearing, at which Claimant testified, and also received deposition testimony of four witnesses: Claimant; Mr. Karasik;

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

2

Claimant's treating physician; and a physician who examined Claimant on behalf of Employer.

Claimant testified that she was diagnosed with a hernia a few years before she stopped working in April 2015 and that around the same time she also began having pain in her hands and wrists, locking of the fingers on her right hand, and pain in her neck and back. (Claimant Ex. 1, Claimant Dep. at 18-24, R.R. at 18a-24a; H.T. at 7-9, R.R. at 102a-104a.) Claimant testified that her hands, neck and back hurt when she was at work and that she believes these problems and her hernia were caused by her work. (Claimant Ex. 1, Claimant Dep. at 23-25, 40-41, R.R. at 23a-25a, 40a-41a; H.T. at 7-9, R.R. at 102a-104a.) Claimant testified that the lid of the glue machine that she lifted in the course of her regular job duties and the weights that she placed on glued product in her work ranged from 15 to 30 pounds. (Claimant Ex. 1, Claimant Dep. at 9-10, 14, R.R. at 9a-10a, 14a.) Claimant testified that approximately a year before she stopped working for Employer, she told Mr. Karasik that she had a hernia as a result of lifting these objects in her work and that she could not lift heavy weights, and that Mr. Karasik modified her duties by lifting these objects for her. (*Id.* at 27-29, 40-41, 48-49, R.R. at 27a-29a, 40a-41a, 48a-49a; H.T. at 14, R.R. at 109a.) She testified that no accident or specific incident occurred at work that injured her or caused any of her conditions or symptoms to worsen, but that the hand, neck and back problems and the hernia became worse over time, and that since April 2015, she has been unable to work. (Claimant Ex. 1, Claimant Dep. at 23-24, 29-30, 34, 43-44, R.R. at 23a-24a, 29a-30a, 34a, 43a-44a; H.T. at 12-13, 15, R.R. at 107a-108a, 110a.) Claimant testified that when she stopped work in April 2015, she told Mr. Karasik that she could not

3

work because of her hernia and also told him that she had a problem with her hand. (Claimant Ex. 1, Claimant Dep. at 30-31, 37-39, R.R. at 30a-31a, 37a-39a.)

Mr. Karasik testified that between 2011 and April 2015, Claimant was absent from work for periods of 4 months, 15 months, 7 months and 2 months, and that she called in during those absences reporting that she could not come to work because of stomach and gastrointestinal problems. (Employer Ex. 2, Karasik Dep. at 13, 27-37 & Karasik Dep. Ex. 1 at 7-8, R.R. at 70a, 73a-76a, 93a-94a.) Mr. Karasik testified that Claimant told him in November 2013, when she returned to work after a 15-month absence, that she had a hernia and that she could not lift heavy objects. (Employer Ex. 2, Karasik Dep. at 15-16, 18-19, 32, 39-40, R.R. at 70a-71a, 75a-77a.) Mr. Karasik also referred to this condition as "back problems." (*Id.* at 18-19, 32-33, 39-41 & Karasik Dep. Ex. 1 at 7, R.R. at 71a, 75a-77a, 93a.) Mr. Karasik testified that he accommodated Claimant's restriction by giving Claimant a 1-pound weight to set on stacks of glued product instead of the 6½-pound weight normally used and by lifting heavier items for her, such as 15-pound weights used for some product stacks and the lid of the glue machine, which weighed 9 pounds. (Employer Ex. 2, Karasik Dep. at 7-8, 11, 16, 24-25, 40-43, R.R. at 68a-69a, 71a, 73a, 77a.) Mr. Karasik testified that Claimant did not tell him that the hernia or back problems were caused by her work or report the hernia or back problems as a reason that she could not come to work. (*Id.* at 16, 19, 28-29, 34-35, 39, R.R. at 71a, 74a-76a.) He testified that Claimant never told him that she was having any problems with her hands or neck and that she never appeared to have difficulty with her hands at work. (*Id.* at 17-19, 38, R.R. at 71a, 76a.) Mr. Karasik testified that when Claimant stopped working in April 2015, she may have called in a few times saying that she was sick, but that she did not say that her hernia had worsened or that she

had been hurt at work, and that he first learned that Claimant asserted that her injuries were connected to her work when he received the claim petition in October 2015. (*Id.* at 14-15, 19-20, 36-37, 44-45 & Karasik Dep. Ex. 1 at 8, R.R. at 70a-72a, 76a, 78a, 94a.)

Claimant's treating physician, Dr. Bolno, testified that Claimant suffers from a hernia, carpal tunnel syndrome and trigger fingers, lumbar radiculopathy, and cervical radiculopathy, and that she is unable to work as a result of these conditions. Dr. Bolno opined that the hernia and hand conditions were caused by Claimant's work for Employer and that her lumbar and cervical conditions were aggravated by her work. Dr. Bolno further testified that he told Claimant when he first treated her for the hernia that the hernia was work related and was caused by the lifting of 25 to 50 pound weights in her work. (Claimant Ex. 2, Bolno Dep. at 21, Supplemental R.R. at 164a.) Employer's expert, Dr. Spellman, opined that Claimant does not suffer from lumbar or cervical radiculopathy or any significant lumbar or cervical abnormality. Dr. Spellman further opined that he found no clinical evidence of carpal tunnel syndrome in his examination of Claimant, but that she does suffer from trigger fingers in her right hand. Dr. Spellman opined that trigger fingers are usually not caused by a specific activity, but could not rule out the possibility that the trigger fingers might be work related, and testified that trigger fingers are readily curable with treatment.

On January 31, 2017, the WCJ issued a decision denying Claimant's claim petition on the ground that it was barred because Claimant did not give notice of her work injuries within 120 days as required by Section 311 of the Act, 77 P.S. § 631. (WCJ Decision F.F. ¶8, Conclusions of Law ¶¶3-4.) The WCJ found credible the testimony of Claimant and Dr. Bolno that Claimant was told and

5

believed that her medical problems were caused by her work and found that Claimant knew by her last day of work in April 2015 that her medical problems might be caused by her work duties. (*Id.* F.F. ¶¶5, 7-8.) The WCJ, however, specifically rejected as not credible Claimant's testimony that she reported to Employer that her medical problems were work related. (*Id.* F.F. ¶5.) The WCJ found the testimony of Mr. Karasik credible in its entirety, and found that Claimant did not give Employer any notice that she had suffered any work- injury until the claim petition was filed on October 19, 2015. (*Id.* F.F. ¶¶6, 8.) The WCJ did not make any credibility findings with respect to Dr. Bolno's opinion testimony or Dr. Spellman's testimony because no determination of whether Claimant's medical conditions were work related was necessary in light of his findings and conclusions on the issue of notice. (*Id.* F.F. ¶7.) Claimant appealed, and on October 17, 2017, the Board affirmed. This appeal followed.[2]

Section 311 of the Act provides that unless the employer has actual knowledge of the occurrence of the work-related injury, the claimant must provide notice to the employer within 120 days of either the date of the injury or, if the claimant lacks knowledge of the nature the injury or its cause, the date by which the claimant knew or should have known of the injury and its possible relationship to her employment. 77 P.S. § 631. Section 312 of the Act requires that this notice "inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified." 77 P.S. § 632. If the claimant fails to provide the notice

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights or Board procedures were violated. *Penske Logistics v. Workers' Compensation Appeal Board (Troxel)*, 132 A.3d 1029, 1034 n.5 (Pa. Cmwlth. 2015).

required by Sections 311 and 312 of the Act, she is barred from receiving compensation. 77 P.S. § 631 ("unless such notice be given within one hundred and twenty days …, no compensation shall be allowed"); *Gentex Corp. v. Workers' Compensation Appeal Board (Morack)*, 23 A.3d 528, 534 (Pa. 2011); *Penske Logistics v. Workers' Compensation Appeal Board (Troxel)*, 132 A.3d 1029, 1035 (Pa. Cmwlth. 2015). The claimant bears the burden of showing adequate notice was given to the employer within 120 days. *Gentex Corp.*, 23 A.3d at 534; *Penske Logistics*, 132 A.3d at 1037; *Kocher's IGA v. Workers' Compensation Appeal Board (Dietrich)*, 729 A.2d 145, 147 (Pa. Cmwlth. 1999). Whether the required notice was given is a fact-intensive inquiry requiring deference to the WCJ's determinations as fact-finder. *Gentex Corp.*, 23 A.3d at 534 & n.10.

Where, as here, the injury is claimed to have resulted from the repetitive, cumulative effects of the claimant's work, the date of injury is the last day that the claimant worked for the employer. *City of Philadelphia v. Workers' Compensation Appeal Board (Williams)*, 851 A.2d 838, 847-49 (Pa. 2004) (120-day notice period for work-related carpal tunnel syndrome ran from last day of employment). Although Section 311 delays the 120-day notice period where the claimant is unaware that her injury could be work related,[3] that discovery rule is inapplicable in this case because Claimant's and Dr. Bolno's testimony, found credible by the WCJ, established that Claimant had been told by her doctor and believed that her conditions were caused by her work for Employer before she stopped work in April 2015. Claimant was therefore required to show that she gave Employer sufficient notice of her work-related injury no later than August 22, 2015,

---

[3] 77 P.S. § 631 ("in cases … in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment").

7

120 days after the last day that she worked for Employer. Claimant's claim petition was not filed until October 19, 2015, beyond that 120-day period.

Claimant argues that she proved that she gave Employer the notice required by Sections 311 and 312 at or before the time that she stopped working. We do not agree. Claimant testified that she told Mr. Karasik a year before she stopped working that her hernia was caused by her work and that she told Mr. Karasik in April 2015 that she could not work because of her hernia and her hand. The WCJ, however, found that this testimony was not credible.

Determination of the credibility of witnesses is the prerogative of the WCJ, not the role of the Board or this Court. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59-60, 70 (Pa. Cmwlth. 2014); *Stalworth v. Workers' Compensation Appeal Board (County of Delaware)*, 815 A.2d 23, 29 (Pa. Cmwlth. 2002). The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witness in whole or in part. *Furnari*, 90 A.3d at 59, 70; *Kocher's IGA*, 729 A.2d at 147.

> [N]either the Board nor the Court may reweigh the WCJ's credibility determinations. … Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal.

*Furnari*, 90 A.3d at 70.

The WCJ's credibility determinations here were neither arbitrary nor capricious. Where a witness testifies in person, the WCJ may properly base his credibility determinations upon the demeanor of the witness and need have no further basis for rejecting the witness's testimony. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052-53 (Pa. 2003); *Amandeo v. Workers' Compensation Appeal Board (Conagra Foods)*, 37

8

A.3d 72, 77 (Pa. Cmwlth. 2012). The WCJ had the opportunity to observe the demeanor of Claimant, and he based his rejection of her testimony on her demeanor. (WCJ Decision F.F. ¶5.)

The evidence found credible by the WCJ showed only that Claimant told Employer that she had a hernia and that she could not lift weights in her work as a result of that condition. This is not sufficient notice under Sections 311 and 312 of the Act. Section 312 requires that the claimant give the employer notice not merely of an injury or medical condition, but that the injury or condition was "in the course of his employment." 77 P.S. § 632. This requirement is satisfied where the claimant shows, by testimony found credible by the WCJ, that she told the employer that she experienced a physical problem at work that affects her ability to do her job and that the condition might be work related or was worsened by her work. *Gentex Corp.*, 23 A.3d at 530, 537-38 (adequate notice of work-related injury was shown where WCJ found credible claimant's testimony that she notified employer that she suffered pain in her hands at work that prevented her from doing her job and left telephone messages with employer that her problems were work related); *Gahring v. Workers' Compensation Appeal Board (R & R Builders)*, 128 A.3d 375, 378, 382 (Pa. Cmwlth. 2015) (testimony found credible by WCJ that claimant told supervisor that additional work hours were making his back pain worse was sufficient to prove notice); *Morris v. Workers' Compensation Appeal Board (Ball Corp.)*, (Pa. Cmwlth., No. 1172 C.D. 2014, filed June 11, 2015), slip op. at 10-13, 2015 WL 5440508 at *5-*6 (notice was sufficient where claimant testified that he told employer's human resources manager that he had problems with his back and legs because of the number of hours he had been working, and that testimony was found credible by the

9

WCJ).[4]   Merely informing the employer of an injury or medical problem without any assertion that it may be work related or any assertion that it may have been caused or worsened by the claimant's work duties, however, does not constitute sufficient notice.  *Gribble v. Workers' Compensation Appeal Board (Cambria County Association for the Blind)*, 692 A.2d 1160, 1162-63 (Pa. Cmwlth. 1997); *City of Erie v. Workmen's Compensation Appeal Board (Shannon)*, 607 A.2d 327, 331 (Pa. Cmwlth. 1992) (*en banc*), *aff'd without op.*, 631 A.2d 595 (Pa. 1993); *Westerman v. Workers' Compensation Appeal Board (K-Mart Corp.)*, (Pa. Cmwlth., No. 2216 C.D. 2013, filed March 3, 2015), slip op. at 6-7, 2015 WL 5332110 at *4 (claimant's notifications to employer that he had a hernia and stomach pain were insufficient to satisfy Section 311 notice requirement).

Here, the WCJ found that Claimant never told Employer that she had experienced pain or difficulty doing her job, never told Employer that the hernia arose from her work, and never told Employer that she stopped work because of her hernia or because of any pain or event related to her work.  (WCJ Decision F.F. ¶¶3c-3e, 5-6.)  Because Claimant reported the hernia at a time when she had not been working for Employer for over a year, the fact that the hernia impacted Claimant's future ability to perform her job duties did not give Employer reason to believe that it was caused by anything in her work, as opposed to an unknown event during her lengthy absence. While notice that the hernia had subsequently worsened or caused her to stop working might give notice of a possible work injury, given the work restrictions for the hernia, the WCJ found that Claimant did not tell Employer that

---

[4] Because *Morris* and *Westerman v. Workers' Compensation Appeal Board (K-Mart Corp.)*, (Pa. Cmwlth., No. 2216 C.D. 2013, filed March 3, 2015), 2015 WL 5332110, also cited herein, are unreported decisions, they are not binding precedent, but may be considered by the Court for their persuasive value.  210 Pa. Code § 69.414(a).

her hernia had worsened or that she could not work because of the hernia. (WCJ Decision F.F. ¶¶3c-3e, 5-6.) Claimant therefore did not show that she gave Employer any notice of a work-related injury until she filed the claim petition, more than 120 days after her last day of work for Employer.[5]

Given the WCJ's credibility determinations, Claimant did not meet her burden of proof that she gave timely notice of her work injury and denial of her claim petition was required. Accordingly, we affirm the Board's order.

_____
JAMES GARDNER COLINS, Senior Judge


Judge Fizzano Cannon did not participate in the decision in this case.

---

[5] Contrary to Claimant's contentions, *State Workmen's Insurance Fund v. Workmen's Compensation Appeal Board (Hoover)*, 680 A.2d 40 (Pa. Cmwlth. 1996), and *Saunders House v. Workmen's Compensation Appeal Board (Russell)*, 628 A.2d 488 (Pa. Cmwlth. 1993), do not support a conclusion that Employer had notice of a work-related injury on a theory of constructive notice. In *Hoover* and *Saunders House*, this Court held that the claimant had constructive notice of information that was in fact provided to her attorney or in letters that were sent to her correct address, not that the claimant had constructive notice of a matter on the basis of knowledge of a different fact.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Magro,                             :
                                           :
                    Petitioner             :
                                           :
            v.                             :    No. 1681 C.D. 2017
                                           :
Workers' Compensation Appeal               :
Board (Polar LLC),                         :
                                           :
                    Respondent             :

## O R D E R

AND NOW, this 2nd day of May, 2018, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge