IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Twaroski, :
                Petitioner :
  :  No. 742 C.D. 2021
       v. :
  :  Submitted: December 17, 2021
BASF Corporation (Workers' :
Compensation Appeal Board), :
             Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: August 30, 2022

Kelly Twaroski (Claimant) petitions for review from the June 3, 2021 decision and order of the Workers' Compensation Appeal Board (Board). The Board affirmed the August 4, 2020 decision of the Workers' Compensation Judge (WCJ), which dismissed Claimant's claim petition for failing to inform BASF Corporation (Employer) of the existence of a work-related injury within the statutorily prescribed 120-day notice period. Upon review, we affirm the Board's order.

On February 13, 2020, Claimant filed a claim petition asserting that he suffered a work-related injury described as cervical myelopathy on July 14, 2019, when he ran into a pipe overhead and jerked his neck backwards. (Certified Record (C.R.)

at 6-7.)[1] Claimant asserted that the injury occurred while he was working for Employer as a chemical operator. *Id.* at 8. Claimant further alleged that he provided notice to Employer on August 8, 2019, and that, as a result of his injury, Claimant stopped working on that same date. *Id.* at 7-8. Claimant sought total disability benefits from August 8, 2019, and ongoing. *Id.* at 9. Employer filed an answer denying the material allegations of the claim petition. *Id.* at 14-21. Claimant's claim petition was assigned to a WCJ, and a hearing was held on May 20, 2020.[2]

At the hearing,[3] Claimant testified that he worked for Employer as a chemical operator working with hazardous materials/chemicals. (C.R. at 68-69.) Claimant explained that part of the protective gear he wore consisted of a full helmet that covers his face with a hose that runs from the back of the helmet and around the waist to a motor with an attached battery. *Id.* at 69. A chargeable battery makes the motor blow air through a filter into the helmet so the worker can breathe. *Id.* On or around July 14, 2019, about a week before a week-long plant shutdown, Claimant was wearing his protective gear and was unloading trays of material when, at a place he would normally duck to compensate for his helmet, he hit his head on a pipe while walking between rooms. *Id.* at 70. Claimant said the hit "jerked [his] head back and

---

[1] For ease of reference, citations to the Certified Record throughout this opinion reflect electronic pagination of the PDF document.

[2] At the May 20, 2020 hearing in this matter, the WCJ determined that, "[f]or date of injury July 14, 2019 (DSP-8454943-1)[,] there were no Bureau Documents. There was another WCAIS Claim for [date of injury] August 8, 2019 (DSP[-]8486285)[,] with Bureau Documents and with the same accident/injury description as for the July 14, 2019 dispute. The two (2) disputes were merged and the Notice of Denial from the merged DSP[-]8486285 was entered as Judge Exhibit 1. The Denial provide[d] that timely notice of Claimant's neck injury was not provided, and that notice was provided as of February 19, 2020." (C.R. at 29, WCJ's Decision, Finding of Fact (F.F.) No. 2.) This has no substantive bearing on this case.

[3] Employer's counsel objected to each of the six exhibits Claimant attempted to offer at the hearing based on hearsay. (C.R. at 61-63.) The WCJ sustained the hearsay objections to all but one of Claimant's exhibits, Exhibit 5 (records from Dr. Daniel Loesch). *Id.* at 63.

[he] almost fell down[.]" *Id.* Claimant testified that "it hurt pretty good, but it was more like a little bee sting and I just kind of, like, rubbed it off and continued to get my labels and finish unloading those trays." *Id.* He indicated he worked the rest of his shift after the incident. *Id.* at 70-71. Counsel then asked Claimant whether he had any neck or head pain at the time of this incident, to which Claimant responded, "[b]riefly, just like I said, it just felt like a bee sting, but it just kind of was sore, nothing that I felt was, you know, too intense. For the most part, it was just sore a little bit, you know. If you jerk your head back, that jerk feeling." *Id.* at 71. When asked what he did to relieve the pain, Claimant stated that he took off his helmet and rubbed his neck to relieve the pain, and "just shook it off basically." *Id.* Claimant again indicated that he continued working and that the pain "pretty much went away and [he] felt fine." *Id.* Claimant finished the work week but noticed his fingertips "felt tingly." *Id.* at 72. The plant then shut down for a week, and Claimant continued to feel intermittent tingling in his fingertips. *Id.* at 73. When the plant reopened, Claimant stated he returned to work and noticed more intense tingling in his fingers. *Id.* at 74. Claimant told his supervisor about the issue with his hands and that he could not come in to work because he was dropping things and felt he could not perform his job. *Id.* at 74-75. Claimant then admitted that he did not report the July 14, 2019 incident to his supervisor at this time because he did not have continuing neck pain and did not think it was related to the issue he was experiencing with his hands. *Id.*

Claimant explained that he then saw a hand specialist, was diagnosed with carpal tunnel syndrome in both hands, and subsequently had two carpal tunnel surgeries, first on the left hand and then on the right hand. (C.R. at 76-78.) Claimant related that he still experienced the pins and needles feeling in both hands following his surgeries. *Id.* at 78. Claimant testified that he spoke with his wife about what he

3

was experiencing and that she did some online research, following which, Claimant explained, she asked him if he did anything to his neck. *Id.* at 78-79. Claimant told his wife that he hit his head on the pipe and jerked his neck, so they decided to call Claimant's family doctor. *Id.* Claimant explained his ongoing hand issues to his doctor and mentioned the July 14, 2019 incident, after which he underwent a magnetic resonance imaging (MRI). *Id.* at 79. Within hours of the MRI, Claimant's family doctor called Claimant with the results, which indicated "something serious in [Claimant's] neck[,]" and that Claimant would need to see a neurosurgeon. *Id.* at 79-80. Claimant saw a neurosurgeon in January 2020, and was scheduled for surgery with a different neurosurgeon closer to Claimant's home shortly thereafter. *Id.* at 80-82. Prior to his surgery, Claimant's hands got worse and he began experiencing neck and arm pain. *Id.* at 82. As of the date of the hearing, Claimant explained that the surgery helped his neck and arm pain, but he still had tingling and burning in his hands. *Id.* at 83, 85. On cross-examination, Claimant again conceded that he did not report the July 14, 2019 incident to Employer until late in the year/early 2020. *Id.* at 92. At the end of the hearing, Claimant's counsel requested a hearing for further testimony from Claimant and his wife. *Id.* at 94. Claimant's counsel also admitted that he did not have anything from a doctor saying that Claimant's conditions were work related. *Id.*[4]

On August 4, 2020, the WCJ issued a decision and order dismissing Claimant's claim petition due to Claimant's failure to timely notify Employer of the existence of a work-related incident within 120 days of July 14, 2019. (C.R. at 27-31, WCJ's Conclusions of Law (C.L.) No. 3.) In so doing, the WCJ specifically found

---

[4] On July 14, 2020, the WCJ issued an interlocutory order requiring the parties to submit briefs on whether the claim petition should be dismissed because of Claimant's failure to provide timely notice, the possibility of bifurcation of the notice issue, and whether an additional hearing should be scheduled. (C.R. at 25.)

credible Claimant's testimony on the issue of notice, but determined that it was Claimant's burden of proving he gave notice of a work injury to Employer within 120 days, which he failed to do, and that the limited exceptions to this rule do not apply. (C.R. at 30, F.F. No. 4 & C.L. No. 2.) While the WCJ recognized Claimant's argument was that it took him until February 2020 to "put it all together," the discovery rule in Section 311 of the Workers' Compensation Act (Act),[5] argued by Claimant's counsel, was not applicable in this case and did "not negate the fact that there was a specific incident in July 2019 and [Claimant] was required to tell [] [E]mployer about the incident with resulting neck pain even if [Claimant] did not know at the time the serious nature of the incident/injury." (C.R. at 30, C.L. No. 2.)

The Board affirmed the WCJ's decision on appeal. (C.R. at 45-52.) The Board reasoned that, despite Claimant's argument that he was not aware that the July 2019 incident injured his neck and might be causing the symptomatology in his hands until later, Claimant still had a specific incident on the date of injury that caused him neck pain. *Id.* at 50. This incident triggered the 120-day notice requirement, with which Claimant failed to comply. *Id.* Thus, because a determination of whether Claimant complied with the notice requirement was a question of fact for the WCJ, and her determination was supported by substantial, competent evidence in the form of Claimant's own testimony that he did not report the July 2019 work incident to Employer until on or about February 19, 2020, the Board determined it was constrained to affirm the WCJ's findings. *Id.* Claimant now appeals to this Court.[6]

---

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.

[6] "Our standard of review is limited to a determination of whether there has been an error of law, whether constitutional rights were violated, or whether necessary findings were supported by substantial evidence." *Jamieson v. Workmen's Compensation Appeal Board (Chicago Bridge & Iron)*, 691 A.2d 978, 982 (Pa. Cmwlth. 1997).

5

Claimant argues that the Board erred in affirming the WCJ's decision as follows: (1) by misinterpreting and misapplying the discovery rule under the Act; (2) by disregarding substantial evidence that Claimant did not know his injury was work related until five months after his July 14, 2019 injury and that his February 13, 2020 claim petition was, therefore, timely pursuant to the discovery rule; (3) by dismissing Claimant's claim petition before hearing testimony regarding a medical opinion relating Claimant's hand condition to the July 14, 2019 injury; and (4) by ignoring that the WCJ did not make any finding regarding the date by which Claimant knew or should have known his injury was related to his employment. (Claimant's Brief at 4-5, 20-21.) Claimant specifically contends that "the purpose of Section 311 must yield in cases where the nature of the injury or its relationship to employment is, as in the instant case, not known to the employee. In such cases, the time for giving notice shall not begin to run until the employee knows, or by the exercise of reasonable diligence should know, 'of the existence of the injury and its possible relationship to his employment.'" *Id.* at 17 (quoting Section 311 of the Act). Further, citing *East Hempfield Township v. Workers' Compensation Appeal Board (Stahl)*, 189 A.3d 1114 (Pa. Cmwlth. 2018), Claimant asserts that the discovery rule, which is "sufficiently flexible[,]" "affords employees who suffer an injury that is not readily and immediately ascertainable the same rights under the Act as those who suffer an injury that is immediately ascertainable, so long as the employee proceeds with reasonable diligence." (Claimant's Brief at 17-18.)

Employer responds that the Board's Order, affirming the WCJ's decision and order that Claimant failed to provide the required 120-day notice of the alleged work-related injury, should be affirmed because it is based on substantial, competent evidence of record and contains no errors of law. (Employer's Brief at 7-8.)

Specifically, Employer asserts that the WCJ found credible Claimant's testimony on the notice issue, which was a question of fact and determination solely within the WCJ's purview as factfinder. *Id.* at 8. Further, the Board and the WCJ were correct in determining that the discovery rule does not apply in this case, as the WCJ found that Claimant experienced neck symptoms contemporaneous with the alleged work incident, which triggered the 120-day notice period and rendered the discovery rule inapplicable. *Id.* at 9-10. Employer also points out that Claimant's reliance on *East Hempfield Township* for the proposition that an employee who suffers an injury that is not immediately ascertainable has the same rights under the Act as an employee who suffers an injury that is immediately ascertainable is irrelevant in this case, because Claimant experienced neck pain immediately following the alleged work incident, thus triggering the 120-day period. *Id.* at 10. Finally, Employer contends that the WCJ did not err in denying Claimant's request to present additional witness testimony. *Id.* at 12-14.

The law is well established that "[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *University of Pennsylvania v. Workers' Compensation Appeal Board (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011). "The WCJ . . . is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Compensation Appeal Board (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). When considering whether the WCJ's decision is supported by substantial evidence, we "must view the evidence in a light most favorable to the party [that] prevailed before the factfinder" and "draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party." *Waldameer Park, Inc. v. Workers' Compensation Appeal Board*

*(Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003). "[I]t does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ. Rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding." *Id.*

To prevail on a claim petition, a "claimant has the burden of proving all elements necessary to support an award of benefits. This includes proving that the claimant gave the employer timely notice of the injury." *Gahring v. Workers' Compensation Appeal Board (R and R Builders)*, 128 A.3d 375, 380 (Pa. Cmwlth. 2015) (citations omitted). "Section 311 provides that an employee has 120 days from the date of the injury, or from the date [that] the employee learns the injury is work-related, to provide notice to the employer of the work-related injury." *Gentex Corp. v. Workers' Compensation Appeal Board (Morack)*, 23 A.3d 528, 534 (Pa. 2011). Specifically, the statute reads, in relevant part, as follows:

> unless [] notice [is] given within [120] days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe[e], the time for giving notice shall not begin to run until the employe[e] knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. . . .

77 P.S. § 631. Our Supreme Court has interpreted this provision and explained that:

> Section [311]'s 120-day notice period, however, is not absolute; [Section 311] includes the 'discovery rule.' Thus, in the same way that the discovery rule tolls a statute of limitations in a medical malpractice case, the *120-day notice period of* [*Section 311*] *does not begin to run in cases in which the nature of the injury or its causal connection to work is not known, until an employee knows or by the exercise of reasonable diligence, has*

8

> *reason to know of the injury and its possible relationship to* [*his*] *employment.*

*Sell v. Workers' Compensation Appeal Board (LNP Engineering)*, 771 A.2d 1246, 1251 (Pa. 2001) (emphasis added). Thus, the discovery rule under Section 311 permits that "employees who suffer an injury that is not readily and immediately ascertainable have the same rights under the Act as those employees who sustain an injury . . . as long as they proceed with reasonable diligence." *Id.* "The standard of reasonable diligence requires 'a reasonable effort to discover the cause of an injury under the facts and circumstances present in the case.'" *East Hempfield Township*, 189 A.3d at 1118 (citations omitted). "While reasonable diligence is an objective standard, 'it is sufficiently flexible to take into account the different capacities people have to deal with the circumstances they confront.' In order to trigger the running of the 120-day period for notice, a claimant must have: (1) knowledge or constructive knowledge, (2) of a disability, (3) which exists, (4) which results from an occupational disease or injury, and (5) which has a possible relationship to the employment." *Id.* (citations omitted).

Here, substantial evidence of record, i.e., Claimant's own testimony, supports the WCJ's finding that Claimant failed to give timely notice of his alleged work-related injury. Specifically, Claimant credibly testified that he injured himself at work on July 14, 2019, and that he immediately experienced pain afterwards, but he "just basically shook it off," continued working, and did not tell Employer. WCJ's Decision, F.F. Nos. 3-4. Thus, Claimant knew in that moment that he had injured his neck and that the injury was related to his employment; he simply did not know the possible extent of that injury. However, Claimant further testified that, while he told his Employer his hands were hurting following the plant shutdown and that he went out of work on August 18, 2019, and did not return due to him receiving carpal tunnel

surgery, he never related this condition and surgery to any work injury or incident at work.  *Id.*  Moreover, Claimant further credibly testified that he did not submit a claim petition until February 13, 2020, which was outside of the 120-day period allowed by the Act.  As such, under these circumstances, we cannot say that the WCJ erred or misapplied the discovery rule of Section 311 of the Act; rather, it simply does not apply in this case.  Just because Claimant did not know he might end up with a cervical myelopathy does not mean that he did not know that his neck hurt after walking into a pipe on July 14, 2019.  The WCJ found that this was the date Claimant knew, or should have known, that this injury was related, or possibly was related, to his employment, which was within the WCJ's purview as factfinder.  While "[w]e agree that the denial of benefits in this case, solely on the basis of inadequate notice, produces a harsh result, [] we cannot ignore the mandatory provisions of Section 311 of the Act."  *Galayda v. Workmen's Compensation Appeal Board (Corning, Inc.)*, 671 A.2d 1190, 1192 (Pa. Cmwlth. 1996).

Additionally, while Claimant argues that the WCJ should have permitted him an additional opportunity to introduce evidence from Claimant, Claimant's wife, and Claimant's medical doctors, it is our view that Claimant had the burden of proving timely notice from the outset and should have produced any and all evidence to assist him in meeting that burden before the WCJ closed the record.  *Id.* at 1192, n.2. Claimant does not allege that the evidence was unavailable at the time, nor does Claimant allege that evidence of this type even exists.  Even if Claimant was permitted, on remand, to present evidence of this nature, we would be inclined to agree with the WCJ that Claimant's testimony regarding notice was clear, such that the additional evidence Claimant seeks to produce "cannot change the facts surrounding notice." (C.R. at 30, F.F. No. 5.)

Accordingly, the Board did not err in affirming the WCJ's decision that Claimant failed to give Employer timely notice of his work-related injury.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Cannon did not participate in the decision for this case.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Twaroski,              :
        Petitioner       :
                      :   No. 742 C.D. 2021
        v.            :
                      :
BASF Corporation (Workers'   :
Compensation Appeal Board),   :
        Respondent    :

## ***ORDER***

AND NOW, this 30th day of August, 2022, the June 3, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

_____
PATRICIA A. McCULLOUGH, Judge